IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JACOB RICHERSON                                                                PLAINTIFF

v.                                    No. 2:24-cv-50-DPM

TRAVELERS HOME AND MARINE
INSURANCE COMPANY                                                          DEFENDANT

## ORDER

Travelers's motion to transfer, *Doc. 6*, is denied. Venue is proper in this District. 28 U.S.C. § 1391(b)(1) & (2). Travelers agrees, but seeks to transfer Richerson's case from the Delta Division, in Helena, to the Northern Division, in Jonesboro. Richerson hasn't responded. But the Court must still consider the relevant case-specific factors in deciding a motion to transfer under 28 U.S.C. § 1404(a). *E.g., Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (*per curiam*). Richerson's chosen forum is entitled to considerable deference; Travelers must therefore show that a transfer is warranted. *Terra International, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). It hasn't.

First, convenience to the parties. Travelers is a Connecticut company with Little Rock lawyers. It correctly points out that Richerson lives in Wynne, which is in the Northern Division. But it has

not explained why Jonesboro is more convenient than the Helena. Richerson's preference carries.

Second, convenience to the witnesses. They all live in Wynne, too. *Doc. 7 at 2*. Wynne is about 45 miles from Jonesboro and about 60 miles from Helena. Travelers says the extra miles justify a transfer. It cites *Sanders v. Lee County School District No. 1*, Case No. 3:08-cv-172-JLH (E.D. Ark. 23 December 2008), for support. But these circumstances differ from *Sanders*'s. In that case, the Marianna-based witnesses were 28 miles from Helena and 110 miles from Jonesboro. Here, any inconvenience would be nominal.

Third, the interests of justice don't favor one side over the other. This Court will decide the parties' dispute either way. There's no conflict of law issue. And Travelers offers no explanation for why the comparative costs of litigating between the two divisions favors a transfer.

Last, the other relevant factors—the records and other evidence—are a wash. Richerson alleges that Travelers violated his homeowner's insurance contract. Travelers says all the evidence is in Wynne. But documents in cases like this are routinely filed through the Court's electronic filing system. And the Court doesn't anticipate any site visits to Richerson's damaged home.

*   *   *

Travelers's motion to transfer, *Doc. 6*, is denied.

-3-

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 May 2024